IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDOLPH MARTIN,

                Plaintiff,

        v.                         CASE NO. 07-3021-SAC

KAREN ROHLING,

                Defendants.

### O R D E R

On March 29, 2007, this court entered an order finding the complaint filed herein pursuant to 42 U.S.C. 1983, was at best a hybrid action with Mr. Martin's main claim sounding in habeas corpus. In its prior Order, the court required Mr. Martin to show cause why his claims asserted under 42 U.S.C. 1983 should not be dismissed for reasons stated in the prior order. The court also required him to show cause why his habeas corpus claims should not be dismissed for failure to exhaust state court remedies.

Mr. Martin has filed a Response to the court's prior order (Doc. 6). He has also filed a page with "Motion to Amend Complaint" written at the top, which the court treats as Supplement to Response[1] (Doc. 7). In the Supplement, he alleges

---

[1] Mr. Martin simply includes three additional names as defendants in the caption on his Response (Doc. 6) and his Supplement (Doc. 7). This is not the proper method for adding defendants. Martin does not include information in either document that is required regarding persons named as defendants. To treat the Response or Supplement as a motion to amend the complaint would result in the original complaint being replaced by the amendment and no longer considered. Neither the Response nor the Supplement includes a complete, proposed amended

additional facts and arguments regarding the revocation of his good time credits.  Having considered all materials filed, the court finds as follows.

In his Response, Mr. Martin does not take issue with the court's assessment that he does not state a claim under Section 1983.  He asks, however, that the court not deny his habeas corpus claims for failure to exhaust.

For the reasons stated in its prior Order, the court construes this action as a habeas corpus petition[2] attacking execution of Mr. Martin's state sentence under 28 U.S.C. §2241.  As Mr. Martin was advised in this and a prior action filed by him, Martin v. Rohling, Case No. 06-3353 (D.Kan. Jan. 24, 2007), a challenge in federal court by a state prisoner to the forfeiture of good time credits is a challenge to execution of the inmate's sentence, which may be raised in federal court under 28 U.S.C. §2241.  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).  Mr. Martin was also advised in this and his prior case that before he may proceed to challenge execution of his state sentence in federal court under Section 2241, he must have exhausted all

---

complaint.  The court therefore finds it unlikely that Mr. Martin intends for either the Response or the Supplement to be an amended complaint.  Instead, the court has treated the Response as the response to its prior order only and the Motion to Amend as a Supplement to Response.  Mr. Martin's attempt to add persons as defendants is discussed in connection with his Supplement to Response (Doc. 7).

[2] The court notes Mr. Martin has not named his current custodian, the Warden at LCF, as respondent in this action.

available state court remedies[3]. See 28 U.S.C. 2254(b)(1)(A); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000); Herrera v. Harkins, 949 F.2d 1096, 1098 (10th Cir. 1991). This is a statutory requirement, which the court may not simply disregard.

Mr. Martin's Response indicates he has not fully exhausted state court remedies on his claims. He was required in the Order of March 29, 2007, to inform the court whether or not he had filed an action in state court based upon the same facts as alleged herein. He states in his Response that he filed his claim in Pawnee County District Court, but the Chief Judge advised he could not grant relief in his case[4].

"A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented "by

---

[3] As Mr. Martin has been informed, 28 U.S.C. 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

Alternatively, the applicant must show that state corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B).

[4] K.S.A. 60-1501 provides that a person confined in Kansas may prosecute a writ of habeas corpus in the "district court of the county in which such restraint is taking place." Thus, the inmate is to file the action in the county in which he is being detained. Mr. Martin is currently confined at the Lansing Correctional Facility, Lansing, Kansas (LCF). This court received notification of his transfer to Lansing on January 5, 2007, Martin, Case No. 06-3353 (Doc. 3). If Martin filed an action in Pawnee County while he was confined at LCF, he probably filed it in the wrong county court.

invoking one complete round of the State's established appellate review process." Id. at 845.  This means the claims must have been "properly presented" as federal constitutional issues ultimately "to the highest state court," which in this instance is the Kansas Supreme Court.  See Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  In other words, Mr. Martin must seek state habeas corpus relief in the state district court in the county in which he is confined; if relief is denied by that court he must appeal to the Kansas Court of Appeals (KCOA); and if the KCOA denies relief he must file a Petition for Review in the Kansas Supreme Court.  Mr. Martin's allegations regarding his attempt to file an action in Pawnee County do not show full exhaustion of state court remedies.  Nor do they establish that state court remedies are unavailable or ineffective.

Mr. Martin's Supplement to Response (Doc. 7), in so far as it attempts to add defendants, is denied.  As Mr. Martin was previously informed, the only proper respondent in a habeas corpus action is his current custodian.  None of the persons he seeks to add as defendants is the Warden at LCF.  His additional arguments and allegations in the Supplement (Doc. 7) have been considered.

**IT IS THEREFORE ORDERED** that this action is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241.

**IT IS FURTHER ORDERED** that petitioner's attempt to add defendants in his Supplement to Complaint (Doc. 7) is denied, and petitioner's Application to Proceed Without Prepayment of Fees

(Doc. 2) is granted.

**IT IS FURTHER ORDERED** and this action is dismissed, without prejudice, for failure to show exhaustion of all available state court remedies.

**IT IS SO ORDERED**.

Dated this 4th day of June, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge